Eli Z. Freedberg, Esq.
LAW OFFICE OF ELI FREEDBERG, P.C.
11 Broadway, Suite 615
New York, New York 10004
(347) 651-0044
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN PARILIS,<br><br>- against -<br><br>Plaintiff,<br><br><br><br>NORTHEAST GROUP, INC. and HENRY WEISS, Individually,<br><br>Defendants. | Docket No.<br>13-CV-6108 (NSR) |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT

LAW OFFICE OF ELI FREEDBERG, P.C.
Eli Z. Freedberg, Esq.
11 Broadway, Suite 615
New York, New York 10004
(347) 651-0044
*Attorneys for Defendants*

This firm was recently retained by the Northeast Group, Inc. ("Northeast") and Henry Weiss ("Weiss") (collectively, "Defendants") in the above-referenced action. Presently, the Plaintiff, Martin Parilis ("Plaintiff"), has moved to enter a default judgment against Defendants. Defendants respectfully oppose this motion and ask the Court to deny the motion. Defendants further ask the Court, in accordance with Rule 3.A.ii. of Your Honor's individual rules, to schedule a pre-motion conference in order to receive permission to file a motion to dismiss Plaintiff's wage and hour and breach of contract claims.

## I.     Plaintiff's Request For A Default Judgment Should Be Denied

Courts do not favor default judgments and, whenever practicable, aim to provide litigants with a full opportunity to present the merits of their claims and defenses. *See Fedex Techconnect, Inc. v. OTI, Inc.*, Index No. 12 Civ. 1674, 2013 U.S. Dist. LEXIS 139591, at * 6 (S.D.N.Y ) ("there is a 'strong preference' for adjudications on the merits and, 'in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief,'"); *see also Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001) (holding that, courts have expressed "[a] clear preference' for cases 'to be adjudicated on the merits."). Indeed, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

In deciding whether to grant a motion for a default judgment, a court must be mindful of not only the willfulness of the default, but also the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer if no default is entered. *Pecarsky*, 249 F.3d at 171; *see also Luft v. Crown Publishers, Inc.*, 906 F.2d 862, 865 (2d Cir. 1990) ("[A] sanction so drastic as ... entering a default judgment is not ordinarily imposed unless the disobedience has been willful, or in bad faith, or otherwise culpable."). Presently, Plaintiff's

motion for a default judgment should be denied because Plaintiff has not shown that the default was willful, Defendants have a meritorious defense, and Plaintiff has not claimed that he suffered any prejudice. *See Hounddog Prods. L.L.C. v. Empire Film Group, Inc.*, 767 F. Supp. 2d 480, 486-87 (S.D.N.Y. 2011) (denying plaintiff's motion for default judgment because defendant presented a good-faith reason for delay, existence of a meritorious defense, and lack of prejudice).

### A. Defendants' Alleged Default Was Not Willful

As an initial matter, Defendant's alleged default was not willful and, as a result, Plaintiff's motion for a default judgment should be denied. The Second Circuit has held that willfulness, in the context of a default, requires "conduct that is more than merely negligent or careless . . . even gross negligence does not necessarily preclude relief." *Roberts v. Keith*, Index No. 04 Civ. 10079, 2007 U.S. Dist. LEXIS 68811 (S.D.N.Y. September 18, 2007). Defendants conduct in the instant action was not willful because, until recently, the unsophisticated *pro se* Defendants believed that they had appeared in this action and adequately responded to Plaintiff's complaint. *Pro se* parties are generally provided with additional leeway when an opposing party moved for default *See Coach, Inc. v. O'Brien*, Index No. 10 Civ. 6071, 2011 U.S. Dist. LEXIS 81739, at *(S.D.N.Y. July 27, 2011) (vacating default judgment and holding that, "as a general rule a district court should grant a default judgment sparingly and grant leave to set aside the entry of default freely when the defaulting party is appearing *pro se*."). Indeed, only upon receiving service of the motion for a default judgment, did Defendants realize that they had not adequately appeared. Upon this discovery they retained the undersigned to represent them in this action.[1] Moreover, as documented by Plaintiff's counsel in his April 8, 2014 motion for a default

---

[1] It is also important to note that Defendants have retained experienced wage and hour counsel who will ensure compliance with all Court mandated deadlines and orders going forward.

3

judgment, Defendants engaged in several conversations with Plaintiff's counsel about the action, and even sent the Court an e-mail stating their defenses. Defendants mistakenly believed that these multiple communications satisfied their obligations to respond to Plaintiff's complaint and further believed they had satisfied their obligation to the Court. Defendants also believed that this case was proceeding to arbitration at a Beit Din – an arbitration panel that is frequently used to adjudicate disputes among members of the Orthodox Jewish community – the community to which all parties to this action belong. For these reasons, Defendants respectfully ask the Court to grant additional leeway to the formerly *pro se* Defendants, to hold that Defendants' actions in this action to date were not willful and to deny Plaintiff's motion for a default judgment. *See, e.g., Joe Hand Promotions, Inc. v. Capomaccio*, Index No. 09 Civ. 6161, 2009 U.S. Dist. LEXIS 92979, at *3-4 (W.D.N.Y. Oct. 6, 2009) (default not willful where communications between parties' attorneys regarding settlement supported impression that the parties would resolve action without court intervention); *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 246 F. Supp. 2d 231, 250 (S.D.N.Y. 2002) ("[A] good faith belief that an action will settle constitutes a reasonable basis for failing to interpose an answer.").

### B. Defendants Can Present A Meritorious Defense[2]

Plaintiff's motion for a default judgment should be further denied because Defendants can present a meritorious defense. As an initial matter, the parties have resolved their unpaid wages and breach of contract claims. In this action, Plaintiff primarily claims that for payroll periods throughout Plaintiff's employment, Defendants neglected to provide Plaintiff with his payroll checks. However, in May of 2013, before the lawsuit was filed, Plaintiff and Defendants executed a written document dated May 20, 2013 where Defendants agreed to pay a total of

---

[2] These defenses are not intended to exhaust the potential defenses Defendants may raise in this action. Defendants explicitly retain the right to raise defenses not identified in this letter.

$39,400 (for an alleged breach of contract and for alleged unpaid wages). Defendants pledged to pay this amount to Plaintiff and have in fact done so. As a result there is no longer any case or controversy concerning those issues, the issue is moot, and Plaintiff lacks the standing to bring these claims before the Court. *See Epstein v. JPMorgan Chase & Co.*, Index No. 13 Civ. 4744, 2014 U.S. Dist. LEXIS 38628, at * 19 (S.D.N.Y. March 21, 2014) (dismissing plaintiff's claim because he lacked standing to bring the lawsuit since he received a refund for monies owed).

In addition, Plaintiff has failed to state a claim for violation of the Fair Labor Standards Act ("FLSA"). Indeed, Plaintiff does not claim that he was not paid minimum wages, or that he worked more than forty hours in a week. Rather, Plaintiff's wage and hour claims are premised on the allegation that Defendants neglected to pay Plaintiff for several pay periods. This allegation is an insufficient premise on which to base an FLSA claim because an employee cannot state a claim if his average wage, for a period in which he worked no overtime, exceeds the minimum wage. *See United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 494 (2d Cir. 1961). In the instant case, discovery will show that for a large portion of Plaintiff's employment he worked 2-3 shifts a week and an average of approximately 25 hours a week and earned at least $1000 per week. When prorated to an hourly basis, Defendants paid Plaintiff an hourly rate that far exceeded the minimum wage. Accordingly, based on the *Klinghoffer* case, and its progeny, Plaintiff has not stated a claim for wage violations under the FLSA and NYLL and Defendants will be able to present a meritorious defense. For this reason as well, Plaintiff's motion for a default judgment should be denied.

With respect to the retaliation claims, Defendants can present a meritorious defense because Plaintiff was terminated for becoming increasingly insubordinate and refusing to carry out tasks at a time when Defendants were experiencing a significant downturn in their business.

### C. Plaintiff Was Not Prejudiced By the Alleged Default

Finally, Plaintiff's motion for a default judgment should also be denied because Plaintiff has not even argued that he would be prejudiced as a result of the delay. Prejudice in this context means the loss of evidence, increased difficulties of discovery, or greater opportunity for fraud and collusion -- circumstances that make it more difficult for plaintiff to prosecute its case. *See Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Plaintiff has not even argued that he is at risk for difficulties in discovery or loss of evidence and Defendants, who are now represented by experienced wage and hour counsel are prepared to engage in discovery and the case can proceed. Accordingly, Plaintiff's motion for a entry of a default judgment should be denied.

## II. Request for Leave to File a Motion to Dismiss

For the reasons discussed above, Defendants request leave to file a motion to dismiss Plaintiff's wage and hour and breach of contract claims. Again, Defendants have paid Plaintiff all of the money allegedly owed, there has been accord and satisfaction, the claims are moot and Plaintiff lacks standing because there is no longer any controversy for which the court is required to adjudicate. Defendants also intend to move to dismiss the FLSA claims based on the *Klinghoffer* doctrine.

## CONCLUSION

Based on the foregoing, Defendants respectfully ask the Court to deny Plaintiff's motion for a default judgment because Defendants delay was not willful and because Plaintiff has not alleged that he suffered any prejudice. Moreover, Defendants maintain a meritorious defense and Defendants respectfully request leave to file a motion to dismiss in accordance with Your Honor's individual rules of practice to present this defense.

Dated: June 19, 2014
      New York, NY

 

LAW OFFICE OF ELI FREEDBERG, P.C.

By: _____
Eli Z. Freedberg, Esq.
11 Broadway, Suite 615
New York, New York 10004
(347) 651-0044
*Attorneys for Defendants*