```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
```

MARTIN PARILIS,

                Plaintiff,                            13-cv-06108 (NSR)

v.                                                          OPINION & ORDER

NORTHEAST GROUP, INC., and HENRY
WEISS, Individually,

                Defendants.
```
-----------------------------------------------------------X
```

NELSON S. ROMÁN, United States District Judge

      On August 29, 2014, Martin Parilis ("Plaintiff") filed this action against Northeast Group, Inc. and Henry Weiss (together, "Defendants"), alleging violations of the Fair Labor Standards Act. Currently before the Court is Plaintiff's motion for a default judgment. For the following reasons, Plaintiff's motion is DENIED.

### I. Background

      After the Plaintiff filed the Complaint in this action, service was made on both defendants on September 24, 2013. Docket Nos. 2, 3. An answer was due by October 8, 2013. Plaintiff and Defendants entered into a Stipulation to extend Defendants' time to answer the Complaint until November 22, 2013, which was so ordered by the Court on November 4, 2013. Docket No. 4. Apparently on December 6, 2013, Defendant attempted to fax a letter to the Court in which he stated that the full amount owed to Plaintiff had been paid, there was an offer to pay Plaintiff's attorney's fees, there was then-pending attempt to mediate this case, and requesting that the Court allow the case to proceed to mediation. Perlmutter Aff. Ex. H. Due to the fact that Defendant used the wrong fax number, the Court never received this letter. On December 5, 2013, Plaintiff sent a letter to the Court requesting a pre-motion conference to file a motion for

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARTIN PARILIS,

               Plaintiff,

v.

NORTHEAST GROUP, INC., and HENRY
WEISS, Individually,

               Defendants.
-----------------------------------------------------------------X

13-cv-06108 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

      On August 29, 2014, Martin Parilis ("Plaintiff") filed this action against Northeast Group, Inc. and Henry Weiss (together, "Defendants"), alleging violations of the Fair Labor Standards Act. Currently before the Court is Plaintiff's motion for a default judgment. For the following reasons, Plaintiff's motion is DENIED.

I.    Background

      After the Plaintiff filed the Complaint in this action, service was made on both defendants on September 24, 2013. Docket Nos. 2, 3. An answer was due by October 8, 2013. Plaintiff and Defendants entered into a Stipulation to extend Defendants' time to answer the Complaint until November 22, 2013, which was so ordered by the Court on November 4, 2013. Docket No. 4. Apparently on December 6, 2013, Defendant attempted to fax a letter to the Court in which he stated that the full amount owed to Plaintiff had been paid, there was an offer to pay Plaintiff's attorney's fees, there was then-pending attempt to mediate this case, and requesting that the Court allow the case to proceed to mediation. Perlmutter Aff. Ex. H. Due to the fact that Defendant used the wrong fax number, the Court never received this letter. On December 5, 2013, Plaintiff sent a letter to the Court requesting a pre-motion conference to file a motion for

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/12/2014

summary judgment. Docket No. 5. Attached to that letter was an email from Plaintiff's counsel to Mr. Weiss in which Plaintiff's counsel advised Mr. Weiss to consult with an attorney. Docket No. 5, Ex. C. The Court received no further communication from Defendant. The Clerk of the Court issued a Clerk's Certificate on March 21, 2014. Docket No. 6. Plaintiff filed an order to show cause on May 8, 2014. Docket No. 7. A notice of appearance was filed by Defendants' attorney Eli Zev Freedberg on June 11, 2014. Docket No. 10. A show cause hearing was held before this Court on June 20, 2014.

## II.  Legal Standard

Default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. The rule states, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise the clerk must enter the party's default." Fed. R. Civ. P. 55(a). In a case where the plaintiff's claim is not for a sum certain, the party must apply to the court for a default judgment. Fed. R. Civ. P. 55(b). The decision as to whether to enter a default judgment is left to the "sound discretion of a district court." *Palmieri v. Town of Babylon*, 277 F. App'x 72, 74 (2d Cir. 2008).

It is clearly established that courts prefer to adjudicate a case on the merits, rather than enter default. *See, e.g., Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). Therefore, any doubts about the entry of a default judgment are to be resolved in favor of the defendant. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) ("[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."). "[A] sanction so drastic as . . . entering a default judgment is not ordinarily imposed unless the disobedience has been willful, or in bad faith, or otherwise culpable." *Hounddog*

*Prods., L.L.C. v. Empire Film Grp., Inc.*, 767 F. Supp. 2d 480, 486 (S.D.N.Y. 2011) (quoting *Luft v. Crown Publishers, Inc.*, 906 F.2d 862, 865 (2d Cir. 1990). Further, with respect to litigants proceeding *pro se*, the court should allow the litigant "extra leeway in meeting the procedural rules governing litigation." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

### III. Discussion

The Court declines to enter default here for the following reasons. First, it is clear to the Court that Defendant's default was not willful. The Second Circuit has interpreted "willfulness" in the context of default as "conduct that is more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Rather, the Second Circuit instructs, the defaulting litigant's conduct must be "egregious or deliberate [], or conduct that was egregious and was not satisfactorily explained." *Roberts v. Keith*, No. 04 Civ. 10079(CSH), 2007 WL 2712853, at *3 (S.D.N.Y. Sept. 18, 2007) (internal citations and quotation marks omitted). Defendant Henry Weiss communicated with Plaintiff's counsel after receiving a summons in this action and even entered into a stipulation extending Defendants' time to answer the Complaint. Additionally, Defendant apparently attempted to communicate with the Court on December 6, 2013 but did not use the correct fax number. *See* Perlmutter Aff. Ex. H. Defendant's counsel now states that Mr. Weiss believed that his communications satisfied his requirement to appear in this matter. Whether or not that is true, entering default would be too harsh of a result for a litigant proceeding who, until recently, was proceeding without counsel. Mr. Weiss was entitled to additional leeway as a *pro se* litigant with respect to the rules.

Additionally, Mr. Weiss thought that this case was proceeding to mediation before the Beis Dein, as indicated in his letter that he attempted to send to the Court. He also thought that

3

the payment made to Plaintiff indicated that the case would settle or was settlement of the matter. *See State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 246 F. Supp. 2d 231, 250 (S.D.N.Y. 2002) ("[A] good faith belief that an action will settle constitutes a reasonable basis for failing to interpose an answer."); *see also Gonzalez v. City of New York*, 104 F. Supp. 2d 193, 196 (S.D.N.Y. 2000) ("[D]efendant's counsel held the reasonable belief that the action would be settled, thereby obviating the need for a formal response"). Finally, the strong preference to adjudicate matters on the merits dictates that default is not appropriate here.

### IV. Conclusion

Accordingly, Plaintiff's motion for default is denied. The Court declines to address Defendants' request for a pre-motion conference at this time as it is not appropriately brought before the Court. Defendants are directed to the undersigned's individual rules, specifically Rule 3(A)(ii).

Dated: Sept. 12, 2014
White Plains, New York

SO ORDERED:

_____ 9/12/14
NELSON S. ROMÁN
United States District Judge