**MEMO ENDORSED**

# LAW OFFICES OF ELI Z. FREEDBERG

ELI Z. FREEDBERG, ESQ.
EFREEDBERG@EZF-LAW.COM

October 2, 2014

The Honorable Nelson S. Roman
United States Courthouse
300 Quarropas Street
White Plains, NY 10601
Tel (914) 390-4177
Fax (914) 390-4179
Courtroom 218

*Pre-motion Conference scheduled for Oct. 30, 2014 at 12:00pm. Opposing party to state position in writing (not to exceed 3 pages) by Oct. 10, 2014.*

*Dated: Oct. 3, 2014*
*White Plains, NY*

**SO ORDERED:**

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

Re:  **Parilis v. Northeast Group, Inc.**, Index No. 13-cv-06108-NSR
     **Request for a Pre-motion Conference**

Dear Judge Roman:

This firm represents the Northeast Group, Inc. ("Northeast") and Henry Weiss ("Weiss") (collectively, "Defendants") in the above-referenced action. By way of background, the Plaintiff Martin Parilis ("Plaintiff"), moved to enter a default judgment against Defendants in this Action. Defendants opposed this motion, and on September 18, 2014, the Court entered an order denying Plaintiff's Motion. At this time, in accordance with Rule 3.A.ii. of Your Honor's individual rules, Defendants respectfully ask the Court to schedule a <u>pre-motion conference</u> to discuss Defendants' <u>contemplated motion to dismiss</u> based on Plaintiff's failure to state a claim. The basis for Defendants' motion follows below.

### A. Plaintiff's Claims Are Moot And Should Be Dismissed

As discussed in connection with Plaintiff's motion for a default judgment, the parties have resolved their unpaid wages and breach of contract claims. In this action, Plaintiff primarily claims Defendants delayed in making payroll payments to him for a few weeks throughout his multi-year employment with Defendants. As a result, Plaintiff alleges that in May of 2013, before the lawsuit was filed, Plaintiff presented Defendants with a document claiming that he was owed $39,400 (which includes repayment of a loan Plaintiff issued to Defendants as well as the alleged unpaid wages). *See* Complaint ¶ 37. Defendants signed the document and agreed to pay Plaintiff the agreed upon sum. Defendants have honored this Agreement and have paid Plaintiff the entire $39,400.00. These facts are not in dispute; as a result Plaintiff admits that there is no longer any case or controversy concerning those issues, the issue is moot, and Plaintiff lacks the standing to bring these claims before the Court. *See e.g., Epstein v. JPMorgan Chase & Co.*, Index No. 13 Civ. 4744, 2014 U.S. Dist. LEXIS 38628, at * 19 (S.D.N.Y. March 21, 2014) (dismissing plaintiff's claim because he lacked standing to bring the lawsuit since he received a refund for monies owed); *Moreira v. Sherwood Landscaping Inc.*, Index No. 13 Civ. 2640, 2014 U.S. Dist. LEXIS 130454, at *6 (E.D.N.Y. Sept. 16, 2014) (holding that "[a]n actual controversy must be extant at all stages of review... Thus, [i]f an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." Because Plaintiff resolved his claims with Defendants, the claims are moot and should be dismissed.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/3/2014

The Honorable Nelson S. Roman
October 2, 2014
Page 2

### B. There Are No Viable Federal Claims and Therefore The Court Lack Subject Matter Jurisdiction

Plaintiff has failed to state a claim for violation of the Fair Labor Standards Act ("FLSA"). Indeed, Plaintiff does not claim that he was not paid minimum wages, or that he worked more than forty hours in a week. Rather, Plaintiff's wage and hour claims are premised on the allegation that Defendants neglected to pay Plaintiff for several pay periods. This allegation is an insufficient premise on which to base an FLSA claim because an employee cannot state a claim if his average wage, for a period in which he worked no overtime, exceeds the minimum wage. *See Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 115, (2d Cir. 2013) (holding that, "[a]n employee who has not worked overtime has no claim under FLSA for hours worked below the 40-hour overtime threshold, unless the average hourly wage falls below the federal minimum wage."); *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 494 (2d Cir. 1961) (same).

In the instant case, Plaintiff does not allege that he worked more than forty (40) hours in any week or that Defendants allegedly violated the overtime rules and regulations (the reason Plaintiff did not assert this claim is that for a large portion of Plaintiff's employment he worked 2-3 shifts a week and an average of approximately 25 hours a week). Plaintiff does allege that he earned at least $1000 per week. *See* Complaint at ¶ 16. When prorated to an hourly basis, there can be no dispute that Defendants paid Plaintiff an hourly rate that far exceeded the minimum wage.

Similarly, Plaintiff's federal retaliation claims should be dismissed. The Second Circuit has held that informal complaints to supervisors are not protected by Section 215(a)(3) of the FLSA. *See Lambert v. Genesee Hosp.*, 10 F.3d 46, 55 (2d Cir. 1993) ("The plain language of this provision limits the cause of action to retaliation for filing formal complaints, instituting a proceeding, or testifying, but does not encompass complaints made to a supervisor."); *Ahmed v. Gelfand*, 160 F. Supp. 2d 408, 417 (E.D.N.Y. 2001) (citing Lambert and denying Section 215(a)(3) relief to a plaintiff who did not file a formal complaint but informally complained to his supervisors on several occasions). Presently, Plaintiff's federal retaliation claims should be dismissed pursuant to *Lambert* because Plaintiff alleges that the alleged retaliatory acts occurred before he had filed a formal complaint with the Court and only after he had informally complained to management. See Complaint ¶¶ 28-31. As a result, Plaintiff has not stated a claim for retaliation under the FLSA and those claims should be dismissed.

### C.    The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims

If the Court accepts Defendants' position that Plaintiff has failed to state a claim for unpaid wages pursuant to the FLSA and for retaliation pursuant to the FLSA, then the Court should dismiss the remaining state law and breach of contract claims because there are no federal questions and the Court will not have subject matter jurisdiction to continue adjudicating this dispute.

The Honorable Nelson S. Roman
October 2, 2014
Page 3

"Indeed, a case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In sum, since no federal claims would remain there would be no basis for the court to exercise jurisdiction over the remaining claims.

Upon consultation with Plaintiffs' counsel, the parties would be available for the pre-motion conference on either October 24th (before 3:00 p.m.), October 30th, or October 31st (before 3:00 p.m.). As always, we thank the Court for its attention to this matter.

Sincerely,

Eli Z. Freedberg